Eastern District of Kentucky
FILED

APR 18 2005

AT LEXINGTON
LESLIE G WHITMER
CLERK U S DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
FRANKFORT

CIVIL ACTION NO. 04-CV-80-JMH

ROBERT H. JONES                                                                      PLAINTIFF

VS:                 **MEMORANDUM OPINION AND ORDER**

SMITH-McKINNEY COMPANY, INC., ET AL.                      DEFENDANTS

Currently before the Court for consideration is a motion filed by Robert H. Jones, the plaintiff, which is entitled "Motion for Order for 'Generous Construction'" [Record No. 7]. The plaintiff, who has been proceeding *pro se*, lists his address as 365 Bullitt Road, P.O. Box 392, Simpsonville, Kentucky, 40067-0392.

PROCEDURAL HISTORY

The plaintiff filed a *pro se* complaint on October 29, 2004, alleging employment discrimination and violation of various federal statutes and regulations [Record No. 1]. After screening this action pursuant to *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999), the Court entered an eighteen-page Memorandum Opinion and Order ("the Opinion and Order") on November 18, 2004, dismissing this action. The Court will not reiterate its reasons for dismissing the numerous claims the plaintiff asserted in his complaint, as its findings and conclusions are set forth in detail in the Opinion and Order.

In his current submission, the plaintiff asks the Court to afford him "generous construction" (presumably, of his dismissed complaint) and further asks the Court how he (plaintiff) should

"handle this retaliation." [Record No. 7][1] The Court broadly construes the plaintiff's motion as one seeking relief from the Opinion and Order, under the authority of Fed.R.Civ.P. 60(b).

## DISCUSSION

In order to obtain relief from a judgment or order under Fed.R.Civ.P. 60(b), a movant must demonstrate that an order (or judgment) was entered as a result of: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which could not have been discovered in time to move for a new trial under Rule 59(b); or (3) fraud, misrepresentation, or other misconduct of the adverse party.[2] *See also Johnson v. Unknown Dellatifa*, 357 F.3d 539, 541 (6th Cir. 2004) (as a prerequisite to relief in a motion for relief from judgment, a party must establish that the facts of its case are within one of the enumerated reasons contained in the federal rule of civil procedure governing motion for relief from judgment that warrant relief from judgment).

Under Rule 59(e), there are three grounds for a court to amend its judgment: (1) to accommodate an intervening change in controlling laws; (2) to account for new evidence not available previously; and (3) to correct a clear error of law or to prevent manifest injustice. *Berridge*

---

[1]

The Court takes judicial notice that on March 25, 2005, the instant plaintiff filed a second employment discrimination action against Smith-McKinney, one of the defendants named in the instant proceeding. *See Jones v. Smith McKenney Co., Inc.*, Frankfort Civil Action No. 05-17-JMH (the undersigned, presiding) ("the 2005 Action"). Just as in the instant proceeding, the plaintiff alleged in the 2005 Action that Smith-McKinney had terminated him in retaliation for having lodged various complaints about the professional abilities of a co-worker.

After screening the 2005 Action, the Court entered an Order on April 6, 2005, dismissing the 2005 Action. The Court determined that the plaintiff had failed to state a meritorious claim under the False Claims Act, 31 U.S.C. §3729. The Court further concluded that with respect to the plaintiff's alleged employment claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII"), he had not exhausted those claims with the Equal Employment Opportunity Commission, as required by 42 U.S.C. §2000e-3(a). The plaintiff's failure to exhaust his Title VII employment retaliation claims was one of many reasons the Court had previously dismissed the instant proceeding in November of 2004.

[2]

There are several other grounds set forth in Rule 60(b) which serve as a basis for relieving a party from a final judgment, none of which are applicable in this case.

*v. Heiser*, 993 F. Supp. 1136, 1146-47 (S.D. Ohio 1997) (citing *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996)). A Rule 59 motion is not an opportunity to reargue a case. *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 1998 WL 288685 (6th Cir. June 5, 1998) (citing *FDIC v. World Univ., Inc.*, 978 F.2d 10, 16 (1st Cir. 1992)). Similar to Rule 60(b), Rule 59(e) motions must either present newly discovered evidence or a clearly established manifest error of law. *FDIC v. Meyer*, 781 F.2d 1260, 1268 (7th Cir. 1986).

A motion under Fed.R.Civ.P. 59(e) must be filed within ten (10) days of the date the order or judgment is filed. As more than ten days have passed since the entry of the Opinion and Order, the Court can only assume that the plaintiff seeks to have his current motion evaluated under the standards of Fed.R.Civ.P. 60(b). The Court further speculates that the instant motion, filed on April 8, 2005, may have been filed in response to the Court's dismissal of the 2005 Action two days prior, on April 6, 2005.

Whatever the plaintiff's motivation for the filing of the instant motion was, the motion must be denied. First, the plaintiff simply presents no facts and makes absolutely no showing, under either Fed.R.Civ.P. 59(e) or Fed.R.Civ.P. 60(b), that he is entitled to the drastic relief of having the Opinion and Order set aside. Second, the Court is not authorized to issue advisory opinions to litigants as to how they should prosecute or advance their legal claims.

Article III of the United States Constitution prevents the judiciary from rendering advisory opinions to litigants. *See Arnett v. Myers*, 281 F.3d 552, 562 (6th Cir. 2002) ("Article III of the Constitution limits the jurisdiction of federal courts to consideration of actual cases and controversies, and federal courts are not permitted to render advisory opinions."); *Adcock v. Firestone Tire and Rubber Co.*, 822 F.2d 623, 627 (6th Cir.1987)"); *see also Doe v. Porter*, 2004

3

WL 1237340 ( June 7, 2004) (Publication page references are not available for this document) ("The provision of guidelines by a federal court would, however, amount to the rendering of an advisory opinion, a practice that is beyond our Article III authority."). Accordingly, the Court is unable to give the plaintiff legal advice or otherwise assist him.

## CONCLUSION

Based upon the foregoing considerations, the plaintiff's "Motion for Order for 'Generous Construction'" [Record No. 7], construed as a motion seeking relief under Fed.R.Civ.P. 60(b), is **DENIED**.

This the 18th day of April, 2005.

JOSEPH M. HOOD, JUDGE

Date of Entry and Service: